UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| THEODORE ELASTER, *a minor, through his mother and next friend* APRIL ELASTER, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:13-cv-162-SKL ) |
| HAMILTON COUNTY DEPARTMENT OF EDUCATION, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM

Before the Court is a pro se motion to "Vacate Judgment for Fraud on the Court" filed by Plaintiff Theodore Elaster, a minor, through his mother and next friend, April Elaster ("Plaintiff"). Plaintiff asks the Court to set aside the Court's judgment in favor of Defendants, Hamilton County Department of Education, Edward Rowe ("Rowe"), and Carol Thomas (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 60(d)(3). Plaintiff alleges that Defendants' counsel, as an officer of the Court, committed a fraud upon the Court when he and the Defendants engaged in a plan to mislead the Court causing it to grant Defendants' motion for summary judgment [Doc. 24]. Defendants filed a response in opposition [Doc. 25]. Plaintiff filed a reply [Doc. 26] and "supplemental evidence" [Doc. 27], which purportedly is the post-summary judgment statement (recorded and written) of witness Trevon Horne ("Trevon")[1] in which Trevon essentially denies ever saying or seeing Plaintiff trip or kick Rowe.

For the following reasons, Plaintiff's motion is **DENIED**.

---

[1] Sometimes spelled Treyvon.

## I. BACKGROUND

On September 23, 2014, the Court granted Defendants' summary judgment motion on all of Plaintiff's federal law claims and remanded Plaintiff's state law claims back to the Circuit Court of Hamilton County, Tennessee [Docs. 22 & 23]. Plaintiff, who was then represented by counsel, did not appeal this final judgment of the Court.

After remand, the state court granted Plaintiff's counsel's motion to withdraw and Plaintiff proceeded pro se. A bench trial was held in state court and the presiding judge entered judgment in favor of Defendants on all of the Plaintiff's state law claims. Plaintiff appealed to the Tennessee Court of Appeals, which affirmed the judgment of the state court. Plaintiff filed an application for permission to appeal to the Tennessee Supreme Court, which was denied on October 19, 2016. A short time later, on November 21, 2016, Plaintiff filed the pending motion.

The Court of Appeals summarized the pertinent facts and proceedings as follows:

> This case centers on a May 1, 2012 incident at Dalewood Middle School when the Child, then a seventh-grade student, collided with Rowe in a hallway. Mother filed a complaint on her son's behalf against Defendants in the Trial Court, alleging violation of civil rights under 42 U.S.C. § 1983, negligent supervision, negligent retention, common law assault, common law battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and common law negligence. Mother alleged that Rowe assaulted the Child. Rowe, on the other hand, has denied throughout this case that he intentionally struck the Child, but rather that any contact in the hallway was unintentional on his part. This case was removed to the United States District Court. The § 1983 claim was dismissed in the United States District Court. The remaining Tennessee Governmental Tort Liability claims raised by Mother were remanded for resolution in the Trial Court.
>
> The Child told guidance counselor Ashley Medley that Rowe had struck him. Medley brought the matter to Thomas's attention. No injuries to the Child were visible. When asked, the Child said that another student had witnessed the incident. The student, Trevon H. ("Trevon"), stated that the Child had tripped Rowe. When questioned about the incident, Rowe acknowledged that the two

had collided. However, Rowe denied intentionally striking the Child, stating instead that he accidentally hit him with his elbow while regaining his balance. Thomas concluded that the Child's version of events was not the true one when weighed against the other two eyewitness accounts of Rowe and Trevon. Thomas explained to the Child and Mother that if the matter were pursued, it would result in the Child's expulsion for kicking a teacher under the zero tolerance policy.

At trial, the Child testified that Rowe intentionally struck him. Trevon's testimony vacillated. Initially, Trevon denied having stated that the Child tripped Rowe. Trevon was confronted with his earlier account stating that the Child tripped Rowe, which he acknowledged as true. Mother testified that she took the Child to the hospital five days after the incident, and he was diagnosed with a contusion. In November 2015, the Trial Court entered its final judgment. The Trial Court found in favor of Defendants on all counts. In its final judgment, the Trial Court stated as follows:

> This matter was tried before the undersigned on October 13 and November 11, 2015 and taken under advisement.
>
> The complaint in this action was filed on April 29, 2013 against the Hamilton County Department of Education, Edward Rowe and Carol Thomas. The complaint contains eight counts: violation of civil rights under 42 U.S.C. § 1983, negligent supervision, negligent retention, common law assault, common law battery, intentional infliction of emotional distress, negligent infliction of emotional distress and common law negligence. The factual allegations surround an alleged event which occurred on May 1, 2012, in which the Plaintiff's son was allegedly struck by Defendant Rowe.
>
> This action was then removed to the United States District Court on May 16, 2013. By Order, entered September 23, 2014, the United States District Court dismissed Plaintiff's claims under 42 U.S.C. § 1983 and remanded the case to the Circuit Court for Hamilton County, Tennessee. On December 3, 2014, Plaintiff's attorney was permitted to withdraw, and Plaintiff continued *pro se*.

> At the trial of this action, testimony was received from Theodore Elaster and adjourned because of the failure of Trevon ... to appear pursuant to a validly issued subpoena. Upon resumption of the trial on November 11, 2015, the Court received evidence from Trevon ..., Carol Thomas, Edward Rowe, Natia Davis, Ashley Medley and Steve Holmes. The only issue in this case is whether Coach Edward Rowe intentionally struck Theodore Elaster. **After hearing the testimony of all witnesses, the Court is of the opinion that while there may have been an inadvertent collision in the halls of Dalewood School between Coach Edward Rowe and Theodore Elaster, there was no intent involved.** Consequently, the Court will find for the Defendant in this case.

*Elaster v. Hamilton Cty. Dep't of Educ.*, No. E201502241COAR3CV, 2016 WL 4044927, at *1–2 (Tenn. Ct. App. July 26, 2016), *appeal denied* (Oct. 19, 2016) (emphasis added by Court of Appeals).

## II. STANDARDS

Rule 60(d)(3) permits a court to set aside a judgment for "fraud on the court" in extraordinary circumstances. Fed. R. Civ. P. 60(d)(3); *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993). "Fraud upon the court is typically limited to egregious events such as bribery of a judge or juror or improper influence exerted on the court, affecting the integrity of the court and its ability to function impartially." *Apotex Corp. v. Merck & Co., Inc.*, 507 F.3d 1357, 1361 (Fed. Cir. 2007).

The law regarding claims of fraud under Rule 60 is well-settled and has been explained by this Court as:

> Rule 60(b)(3) is the lineal descendant of the equity rule that a court may alter or annul, because of fraud or undue influence its own judgment, *see Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 244-45, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), but only if the fraud or undue influence is proved by clear and convincing

evidence. *Herman & MacLean v. Huddleston,* 459 U.S. 375, 388 n. 27, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983); *see also Nagarajan v. Scheick,* 2001 WL 278256, *1 (6th Cir. Mar. 16, 2001) (citing *Simons v. Gorsuch,* 715 F.2d 1248, 1253 (7th Cir. 1983)). Furthermore,

> Fraud upon the court should ... embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct.

*Demjanjuk v. Petrovsky,* 10 F.3d 338, 352 (6th Cir. 1992) (internal quotation omitted).

> Fraud on the court is conduct: (1) on the part of an officer of the court; (2) that is directed to the judicial machinery itself; (3) that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth; (4) that is a positive averment or a concealment when one is under a duty to disclose; (5) that deceives the court.

*Workman v. Bell,* 227 F.3d 331, 336 (6th Cir. 2000).

*Massi v. Walgreen Co.*, No. 3:05-CV-425, 2008 WL 2066453, at *3 (E.D. Tenn. May 13, 2008), *aff'd,* 337 F. App'x 542 (6th Cir. 2009). In short, "[f]raud on the court refers to 'the most egregious conduct involving a corruption of the judicial process itself.'" *Gen. Med., P.C. v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 71 (6th Cir. 2012) (citing 11 Charles Alan Wright et al., Federal Practice & Procedure § 2870 (West 2011) (collecting cases)). The movant has the burden of proving the existence of fraud on the court by clear and convincing evidence. *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010). Rule 60(d)(3) does not set a one-year time limit on the Court's power to set aside a judgment for fraud on the court, but such issues "must be raised within a reasonable time of discovery of the fraud." *LaVenture v. Haeberlin*, No. 5:04CV-P215-R, 2009 WL 2762267, at *1 (W.D. Ky. Aug. 27, 2009) (quoting *Apotex Corp.*,

507 F.3d at 1361).

## III. ANALYSIS

Plaintiff contends that D. Scott Bennett, as counsel for Defendants and an officer of the Court, falsified "evidence of the assault by preparing and submitting a false and misleading affidavit" of Rowe in conjunction with the summary judgment motion [Doc. 24 at Page ID # 224]. The crux of Plaintiff's argument is based on Plaintiff's claim that Rowe intentionally punched him in the face without provocation and has been falsely denying it ever since. Plaintiff's claim for fraud is a conclusory allegation that defense counsel help perpetuate Rowe's allegedly false affidavit in conjunction with the summary judgment proceedings in this Court.

First, Plaintiff has not demonstrated Rowe has submitted a false affidavit. To the contrary, the state court assessed Rowe's claim of an inadvertent collision as credible after a bench trial that included Trevon's testimony.

Second, none of the exhibits, statements, declarations, or other "evidence" submitted by Plaintiff come close to constituting clear and convincing evidence that defense counsel committed or perpetuated a fraud on the Court. Even applying liberal standards applicable to pro se filings, there is no proof defense counsel engaged in conduct directed to the judicial machinery itself that was intentionally false, willfully blind to the truth, or in reckless disregard for the truth during the summary judgment proceedings. *See Computer Leasco, Inc. v. NTP, Inc.*, 194 F. App'x 328, 338 (6th Cir. 2006). Nor is there any proof defense counsel concealed the truth while under a duty to disclose. *Id.* Plaintiff's claims do not in any way constitute extraordinary circumstances affecting the integrity of the Court or its ability to function impartially. *Gen. Med.*, 475 F. App'x at 71; *Massi*, 2008 WL 2066453, at *3.

Even if Plaintiff's (and Trevon's current) account of Plaintiff's collision with Rowe is

credited (and even if the current motion is considered timely in spite of the fact that Plaintiff contested Rowe's version of events from the inception), the motion would still fail because in granting Defendants a summary judgment on Plaintiff's federal law claims, the Court construed the facts in the light most favorable to Plaintiff [Doc. 22]. As a result, the Court assumed Rowe intentionally struck Plaintiff and that Plaintiff's rights were violated—assumptions not borne out at trial in state court.[2] Even these assumptions, however, did not prevent summary judgment for the reasons exhaustively explained in the Court's September 23, 2014 memorandum and order, which will not be repeated herein [Docs. 22 & 23]. For there to have been a fraud upon the Court, the Court must have been deceived—and it was not. *See Johnson*, 605 F.3d at 339 (explaining that fraud on the court only exists if the misconduct deceives the court); *Demjanjuk*, 10 F.3d at 352 (holding that "only actions that actually subvert the judicial process can be the basis for upsetting otherwise settled decrees" on the basis of fraud on the court). Accordingly, the motion fails.

Defendants' response in opposition requests reimbursement of their attorneys' fees and costs incurred in the preparation and submission of their response to the motion. Defendants did not, however, support their request with any citation to authority. Under these circumstances, the Court declines to award Defendants any fees or costs in spite of the baseless nature of the motion.

---

[2] The state courts specifically addressed Trevon's vacillating testimony.

## IV. CONCLUSION

For the above reasons, Plaintiff's motion [Doc. 24] for relief from summary judgment under Rule 60(d)(3) is **DENIED**.

**SO ORDERED.**

**ENTER:**

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE